UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ELIZA J. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:23-CV-204-REW-MAS |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| BOARD OF EDUCATION OF CLARK | ) | |
| COUNTY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

## I.      Background

Plaintiff Eliza J. Conley is a former student of Clark County, Kentucky schools, attending institutions in the County from 2010 until 2022. *See* DE 1 (Complaint) ¶ 6. As of the Complaint's filing, Plaintiff was 19 years old. *See id.* ¶ 5. Defendant is the Board of Education of Clark County Schools. *See id.* ¶ 1. According to Plaintiff, Defendant is the entity responsible for hiring, supervising, and terminating employees and contractors for schools within Clark County. *See id.* ¶ 9. Defendant must also, per the Complaint, ensure that Clark County Schools comply with disability requirements under state and federal law. *See id.* Plaintiff, who is deaf, claims that the Clark County Schools discriminated against her "solely due to her deafness." *Id.* ¶ 12.

Specifically, Plaintiff alleges that Defendant failed to provide her with the personnel and services necessary for her to fully participate in and receive the benefits of Clark County Schools. *See id.* ¶ 12. According to Plaintiff, Defendant deprived her of a qualified sign language interpreter to consistently assist her during the school day and consequently, denied her equal access to school curriculum. *See id.* ¶¶ 14–15, 17–19. She also states that Clark County High School denied her

1

the opportunity to participate in extracurricular activities and other programs because of her deafness, resulting in a loss of social interaction with her peers. *See id.* ¶¶ 20–22. Plaintiff claims that the ongoing discrimination began in 2010, when she first started attending Clark County Schools. *See id.* ¶ 12.

On July 6, 2023, Plaintiff filed this lawsuit against Defendant. *See* DE 1. Pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff alleges that Defendant violated Section 504 of the Rehabilitation Act (29 U.S.C. § 794) and Title II of the Americans with Disabilities Act (the "ADA") (42 U.S.C. § 12131 *et seq.*). *See id.* ¶¶ 3, 29–42. Invoking supplemental jurisdiction per 28 U.S.C. § 1367, Plaintiff also brings a claim under the Kentucky Civil Rights Act (the "KCRA") (KRS § 344.010 *et seq.*). *See id.* ¶¶ 3, 43–48. Plaintiff seeks compensatory damages and damages for emotional distress. *See id.* at 7.

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* DE 11 (Motion). The crux of Defendant's motion is that the statute of limitations bars Plaintiff's Rehabilitation Act and ADA claims. *See generally id.* Plaintiff responded, *see* DE 12 (Response), and Defendant filed its reply, *see* DE 13 (Reply). The matter is ripe for review.

## II. Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S.

Ct. at 1965. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that a claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014).

A Rule 12(b)(6) motion is "generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "But where [the Court] can determine from the face of the complaint that the statute of limitations has run, dismissal is appropriate." *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016); *see also Cataldo*, 676 F.3d at 547 (explaining that dismissal on statute of limitations grounds is appropriate when "the allegations in the complaint affirmatively show that the claim is time-barred").

## III.   Analysis

### A.   Statute of Limitations (Federal Claims)

When a federal statute does not specify a statute of limitations period, courts borrow "the most analogous state limitations period." *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012). Neither the Rehabilitation Act nor the ADA contains a limitations period; thus, in each instance, the Court must look to the most analogous state law and borrow its limitations period. *See id.* at 662–63. For both Rehabilitation Act Section 504 claims and ADA Title II claims, the Sixth Circuit has relied on state limitations periods for personal injury claims. *See, e.g., id.* at 662–64 (applying Ohio's limitations period for personal injury actions to Section 504 and Title II claims); *Lewis v. Fayette Cnty. Det. Ctr.*, 211 F.3d 1269 (Table), 2000 WL 556132, at *2 (6th Cir. 2000) ("[C]ourts faced with ADA or Rehabilitation Act claims have also looked to the state's

statute of limitations for personal injury actions.").   Here, the Court will therefore rely on Kentucky's statute of limitations for personal injury claims, found at KRS § 413.140(1)(a), in assessing the timeliness of Plaintiff's federal claims.  *See Lewis*, 2000 WL 556132, at *2 (relying on § 413.140(1)(a), upholding dismissal of Title II claim on statute of limitations grounds); *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 255 (6th Cir. 1994) (affirming district court's reliance on § 413.140(1)(a) in dismissing Section 504 claim as untimely); *Mosier v. Kentucky*, 675 F. Supp. 2d 693, 697–98 (E.D. Ky. 2009) (applying § 413.140(1)(a) to Section 504 and Title II claims); *Alja-Iz v. Ramsey*, CIVIL ACTION NO. 3:14-CV-618-DJH, 2017 WL 6485803, at *7 (W.D. Ky. Sept. 13, 2017) ("The Court concludes that a one-year statute of limitations applies to [Plaintiff's] ADA and RA claims.") (Lindsay, Mag. J.), *report and recommendation adopted*, Civil Action No. 3:14-cv-618-DJH-CHL, 2017 WL 6504012 (W.D. Ky. Sept. 22, 2017).   Section 413.140(1)(a) provides that a personal injury action must commence "within one (1) year after the cause of action accrued."  Ky. Rev. Stat. § 413.140(1)(a).

In cases where the court borrows the limitations period from state law, the claims still "accrue and the statutory period begins to run according to federal law."  *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010); *see also Hall v. Knott Cnty. Bd. of Educ.*, 941 F.2d 402, 408 (6th Cir. 1991) ("The date on which the plaintiff's claims accrued is a matter governed by federal law.").  Under federal law, "[t]he statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his action."  *Am. Premier Underwriters, Inc.*, 839 F.3d at 461 (citation and quotation marks omitted).

Both parties agree that KRS § 413.140 governs the limitations period for Plaintiff's federal claims, setting the statute of limitations at one year.  *See* DE 11 at 2–3; DE 12 at 2.  However, the

parties disagree on tolling mechanics related to when Plaintiff reached the age of majority. *See* DE 11 at 3; DE 12 at 2–3.

This is Defendant's theory: According to the Complaint, the alleged discrimination occurred sometime between 2010 and 2022. *See* DE 11 at 3. As the facts set forth in the Complaint indicate, Plaintiff knew of her injury at the time the discrimination occurred, i.e., between 2010 and 2022. *See id.* In Kentucky, the school year ends on June 30th per statute, *see* KRS § 158.050,[1] and Plaintiff's complaint "**creates an inference** she ceased attending school during the school year which ended on June 30, 2022." *See id.* (emphasis added). Therefore, at latest, Plaintiff had until June 30, 2023, to bring her federal claims. *See id.* Any tolling under KRS § 413.170(1)[2] based on Plaintiff's infancy ended when she turned 18 years old, meaning that the statute of limitations expired on her 19th birthday. *See id.* Plaintiff filed the action on July 6, 2023, when, as the Complaint states, she was 19 years old. *See id.* Because more than one year had passed since the end of the school year and since her 18th birthday, her federal claims are untimely. *See id.* at 3–4.

Plaintiff disagrees, citing to KRS § 2.015. *See* DE 12 at 2–3. KRS § 2.015 states:

> Persons of the age of eighteen (18) years are of the age of majority for all purposes in this Commonwealth except for the purchase of alcoholic beverages and for purposes of care and treatment of children with disabilities, for which twenty-one (21) years is the age of majority, all other statutes to the contrary notwithstanding.

KRS § 2.015. Plaintiff argues that because she has a disability, the age of majority is 21, not 18.[3] *See* DE 12 at 2–3. Therefore, the statute of limitations is tolled until Plaintiff reaches 21 years old.

---

[1] Defendant erroneously cites to KRS § 158.150. *See* DE 11 at 3.

[2] KRS § 413.170(1) states, "If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant . . . , the action may be brought within the same number of years after the removal of the disability . . . allowed to a person without the disability to bring the action after the right accrued." KRS § 413.170(1).

[3] In its reply, Defendant disputes this interpretation of § 2.015. *See generally* DE 13. Because the Court resolves the motion on other grounds, it need not reach the interpretative question at this stage.

*See id.*  According to Plaintiff, because she was only 19 years old when she filed the Complaint, her federal claims are timely.  *See id.*

The problem with Defendant's theory is that it relies on factual assumptions inappropriate for consideration on a motion to dismiss.  For one, it is not clear based on the face of the Complaint *when* Plaintiff turned 18 years old.  If, for example, Plaintiff's 18th birthday was on July 6, 2022, her Complaint was timely filed within the one-year window (albeit, barely).  For another, the Complaint does not indicate exactly *when* in 2022 Plaintiff ceased attending Clark County Schools. The Complaint only states that Plaintiff attended Clark County Schools "[f]rom 2010 to 2022" with no specific end date.  *See* DE 1 ¶ 6.  The Complaint also does not indicate why Plaintiff stopped attending Clark County Schools in 2022.  Maybe she completed her senior year and graduated, making the June 30, 2022 accrual date more likely.  However, the Complaint does not contain any facts establishing if and when Plaintiff graduated from high school.  Also likely, Plaintiff could have attended Clark County Schools through the Fall 2022 semester before graduating at that time or transferring to a different school to finish her education.  Looking at the Complaint alone, which is all the Court can do under 12(b)(6), those facts are currently unknown. Conceivably, according to the time period set forth in the Complaint, Plaintiff could have attended Clark County Schools through December 31, 2022.  The Complaint does not provide explicit dates for when the allegedly discriminatory acts occurred.  This means that any discriminatory act that occurred between July 6, 2022, and December 31, 2022—a plausibility based on the timeframe in the Complaint—would set the statute of limitations expiration date at or beyond July 6, 2023. Under that scenario, Plaintiff's federal claims would be timely filed.

While the inferences Defendant draws from the face of the Complaint are perfectly plausible, so are the contrary inferences.  Because the Court must "construe the complaint in the

light most favorable to [Plaintiff] and draw all reasonable inferences in [her] favor," the Court must reject the statute of limitations defense for now. *Golf Vill. N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021). Some or all of Plaintiff's federal claims may very well be time-barred. But without a more developed record and based solely on the allegations of the Complaint, the Court cannot make that assessment. Simply, Defendant's statute of limitations arguments gloss over threshold factual disputes improper for resolution at the motion to dismiss stage. *See Am. Premier Underwriters, Inc.*, 839 F.3d at 464 ("[C]ourts should not dismiss complaints on statute-of-limitations grounds when there are disputed factual questions relating to the accrual date."); *cf. Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014) ("While statute of limitations . . . issues are susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court . . . , a plaintiff need not respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense."). Accordingly, the Court denies Defendant's motion to dismiss the Rehabilitation Act and ADA claims on statute of limitations grounds.

Discovery will surely supply the facts necessary for this Court to make the timeliness determination. If discovery casts further doubt on the timeliness of Plaintiff's federal claims, Defendant may renew its statute of limitations challenge through a properly filed summary judgment motion.

### B.   Supplemental Jurisdiction (State Claims)

Defendant concedes that Plaintiff's KCRA claim—which is subject to a five-year limitations period—is not time-barred. *See* DE 11 at 4. Instead, Defendant contends that since the KCRA claim is brought pursuant to the Court's supplemental jurisdiction, dismissal of the federal claims will deprive the Court of jurisdiction over the state law claim. Because the Court declines to dismiss Plaintiff's federal claims at this juncture, Defendant's contingent supplemental

jurisdiction argument is a nullity, and the Court will not address the issue.  Therefore, the Court

denies Defendant's motion to dismiss the KCRA claim.

**IV.      Conclusion**

For the foregoing reasons, the Court **DENIES** DE 11.  Per the Standing Referral Order

entered in this case, *see* DE 3, Magistrate Judge Matthew A. Stinnett may proceed with directing

a Rule 26(f) conference and establishing an appropriate case schedule.

This the 15th day of July, 2024.

Signed By:

**_Robert E. Wier_**

**United States District Judge**