UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ELIZA J. CONLEY, | ) |
| | ) |
| Plaintiff, | )   No. 5:23-CV-204-REW-MAS |
| | ) |
| v. | ) |
| | )   OPINION AND ORDER |
| BOARD OF EDUCATION OF CLARK | ) |
| COUNTY SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

I.      **Background**

Plaintiff Eliza J. Conley is a former student of Clark County, Kentucky schools. *See* DE 1 (Complaint) ¶ 6. As of the Complaint's filing, Plaintiff was nineteen years old. *See id.* ¶ 5; *see also* DE 22-1 (Plaintiff's Responses to Requests for Admission) at 1; DE 22-2 (Defendant's Requests for Admission). Defendant is the Board of Education of Clark County Schools. *See* DE 1 ¶ 1. According to Plaintiff, Defendant is the entity responsible for hiring, supervising, and terminating employees and contractors for schools within Clark County. *See id.* ¶ 9. Defendant must also, per the Complaint, ensure that Clark County Schools comply with disability requirements under state and federal law. *See id.* Plaintiff, who is deaf, claims that the Clark County Schools discriminated against her "solely due to her deafness." *Id.* ¶ 12.

Specifically, Plaintiff alleges that Defendant failed to provide her with the personnel and services necessary for her to fully participate in and receive the educational benefits of Clark County Schools. *See id.* ¶ 12. According to Plaintiff, Defendant deprived her of a qualified sign language interpreter to consistently assist her during the school day and consequently, denied her equal access to the school curriculum. *See id.* ¶¶ 14–15, 17–19. She also states that Clark County

1

High School denied her the opportunity to participate in extracurricular activities and other programs because of her deafness, resulting in a loss of social interaction with her peers. *See id.* ¶¶ 20–22. Plaintiff claims that the ongoing discrimination began in 2010, when she first started attending Clark County Schools. *See id.* ¶ 12. She ceased attending school in Clark County in May 2020. *See* DE 22-1.

On July 6, 2023, Plaintiff, in her own name, filed this lawsuit against Defendant. *See* DE 1. Pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff alleges that Defendant violated Section 504 of the Rehabilitation Act (29 U.S.C. § 794) and Title II of the Americans with Disabilities Act (the "ADA") (42 U.S.C. § 12131 *et seq.*). *See id.* ¶¶ 3, 29–42. Invoking supplemental jurisdiction per 28 U.S.C. § 1367, Plaintiff also brings a claim under the Kentucky Civil Rights Act (the "KCRA") (KRS § 344.010 *et seq.*). *See id.* ¶¶ 3, 43–48. Plaintiff seeks compensatory damages and damages for emotional distress. *See id.* at 7.

Defendant moves for summary judgment on the federal claims, arguing that Plaintiff's Section 504 and ADA claims are time-barred. *See* DE 22 (Motion). Upon dismissal of the federal claims, Defendant also requests that the Court decline supplemental jurisdiction over the remaining state law claim. *See id.* Plaintiff has responded, *see* DE 25, and Defendant has filed its reply, *see* DE 26. The matter is ripe for review.

## II.    Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). If the moving party satisfies its burden, the burden then shifts to the non-moving party to

2

produce "specific facts" showing a "genuine issue" for trial. *Id.* (citing Fed. R. Civ. P. 56(e)). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Wright v. City of Euclid*, 962 F.3d 852, 864 (6th Cir. 2020) (citation and quotation marks omitted). In determining whether a genuine dispute exists, the Court considers all facts and draws all inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). This case turns not on a disputed record but on the meaning of Kentucky law relative to the statute of limitations calculus.

### III.    Analysis

#### A.    Statute of Limitations

When a federal statute does not specify a statute of limitations period, courts borrow "the most analogous state limitations period." *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012). Neither the Rehabilitation Act nor the ADA contains a limitations period; thus, in each instance, the Court must look to the most analogous state law and borrow its limitations period. *See id.* at 662–63. For both Rehabilitation Act Section 504 claims and ADA Title II claims, the Sixth Circuit has relied on state limitations periods for personal injury claims. *See, e.g., id.* at 662–64 (applying Ohio's limitations period for personal injury actions to Section 504 and Title II claims); *Lewis v. Fayette Cnty. Det. Ctr.*, 211 F.3d 1269 (Table), 2000 WL 556132, at *2 (6th Cir. 2000) ("[C]ourts faced with ADA or Rehabilitation Act claims have also looked to the state's statute of limitations for personal injury actions."). Here, the Court will therefore rely on Kentucky's statute of limitations for personal injury claims, found at KRS § 413.140(1)(a), in assessing the timeliness of Plaintiff's federal claims. *See Lewis*, 2000 WL 556132, at *2 (relying on § 413.140(1)(a), upholding dismissal of Title II claim on statute of limitations grounds);

*Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 255 (6th Cir. 1994) (affirming district court's reliance on § 413.140(1)(a) in dismissing Section 504 claim as untimely); *Mosier v. Kentucky*, 675 F. Supp. 2d 693, 697–98 (E.D. Ky. 2009) (applying § 413.140(1)(a) to Section 504 and Title II claims); *Alja-Iz v. Ramsey*, CIVIL ACTION NO. 3:14-CV-618-DJH, 2017 WL 6485803, at *7 (W.D. Ky. Sept. 13, 2017) ("The Court concludes that a one-year statute of limitations applies to [Plaintiff's] ADA and RA claims.") (Lindsay, Mag. J.), *report and recommendation adopted*, Civil Action No. 3:14-cv-618-DJH-CHL, 2017 WL 6504012 (W.D. Ky. Sept. 22, 2017).  Section 413.140(1)(a) provides that a personal injury action must commence "within one (1) year after the cause of action accrued."  Ky. Rev. Stat. § 413.140(1)(a).

In cases where the court borrows the limitations period from state law, the claims still "accrue and the statutory period begins to run according to federal law."  *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010); *see also Hall v. Knott Cnty. Bd. of Educ.*, 941 F.2d 402, 408 (6th Cir. 1991) ("The date on which the plaintiff's claims accrued is a matter governed by federal law.").  Under federal law, "[t]he statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his action."  *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016) (citation and quotation marks omitted).

Both parties agree that § 413.140(1)(a) governs the statute of limitations for Plaintiff's federal claims, setting the limitations period at one year.  *See* DE 22 at 3; DE 25 at 2.  Undisputedly, Plaintiff ceased attending school in Clark County in May 2020.  *See* DE 22-1 at 1.  She knew of her injury at the time the alleged discrimination occurred—here, at latest, May 2020.  Because Plaintiff's federal claims accrued in May 2020, she had until May 2021 to file her Complaint, unless a tolling doctrine applies.

4

KRS § 413.170(1) tolls the statute of limitations based on a person's legal status as an "infant" at the time of accrual, stating:

> If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 . . . was, at the time the cause of action accrued, an infant . . . , the action may be brought within the same number of years after the removal of the disability . . . allowed to a person without the disability to bring the action after the right accrued.

Ky. Rev. Stat. § 413.170(1).  Therefore, if Plaintiff was an infant or minor[1] under Kentucky law at the time her federal claims accrued in May 2020, the statute of limitations would be tolled until she reached the age of majority.  At that point, she would have one year ("the same number of years after the removal of the disability") to timely file her federal claims.

However, as in their motion to dismiss filings, the parties disagree about when Plaintiff reached the age of majority under Kentucky law, differing on their respective interpretations of KRS § 2.015 and its impact on tolling mechanics.  Section 2.015 provides:

> Persons of the age of eighteen (18) years are of the age of majority for all purposes in this Commonwealth except for the purchase of alcoholic beverages and for purposes of care and treatment of children with disabilities, for which twenty-one (21) years is the age of majority, all other statutes to the contrary notwithstanding.

Ky. Rev. Stat. § 2.015.  Thus, in Kentucky, the age of majority is eighteen, subject to two exceptions: 1) "for the purchase of alcoholic beverages" and 2) "for purposes of care and treatment of children with disabilities."  *See id.*  The source of disagreement is the second exception. Defendant interprets the second exception as setting the age of majority at twenty-one for rights and powers of individuals providing care and treatment to disabled children.  *See* DE 22 at 3–4. Because Plaintiff is not seeking to provide care or treatment to a disabled child, she reached the age of majority at eighteen, at which point the limitations period began to run.  *See id.*  Plaintiff interprets the second exception as setting the age of majority at twenty-one, categorically, for

---

[1] While Kentucky's statutory scheme does not define "infant," the term is presumably synonymous with "minor."

5

disabled individuals, meaning that Plaintiff, due to her qualifying disability, did not reach legal adulthood until age twenty-one. *See* DE 25 at 3–4. Presumably, based on Plaintiff's position, the limitations period thus started running only when she turned twenty-one.

Under Kentucky law, courts must construe statutory language according to "its literal meaning unless to do so would lead to an absurd or wholly unreasonable result." *Commonwealth v. Wright*, 415 S.W.3d 606, 608–09 (Ky. 2013) (citation and quotation marks omitted). Courts must interpret a statute "as a whole and in context with other parts of the law," *Century Aluminum of Ky., GP v. Dep't of Revenue*, 664 S.W.3d 546, 558 (Ky. 2022) (citation and quotation marks omitted), and "without distorting its intended meaning by focusing on a single sentence, clause, or phrase," *Kindred Healthcare v. Harper*, 642 S.W.3d 672, 680 (Ky. 2022). With this in mind, the Court will determine which interpretation of § 2.015 best comports with Kentucky law.

The Court finds that Defendant's interpretation is the correct one. While case law discussing the second exception to the age of majority is limited, the Kentucky Supreme Court has, without elaboration, construed § 2.015 consistent with Defendant's interpretation: "Eighteen is the age of legal majority in the Commonwealth, with the exception of *the right to* purchase alcoholic beverages and *the right to* care for and treat children with disabilities." *D.F. v. Codell*, 127 S.W.3d 571, 577 (Ky. 2003) (emphasis added).[2] Looking at the clause in context and considering its literal meaning, the second exception most reasonably reads as setting the age of majority at twenty-one for and pertinent to individuals providing care and treatment to disabled

---

[2] Admittedly, lower courts in Kentucky have, in passing, advanced contrary interpretations. *See, e.g.*, *Taylor v. Taylor*, NO. 2023-CA-1422-MR, 2025 WL 807456, at *1 (Ky. Ct. App. Mar. 14, 2025) ("The age of majority in Kentucky is eighteen, absent a qualifying disability."); *Epperson v. Commonwealth*, 437 S.W.3d 157, 167 (Ky. Ct. App. 2014) ("While it is true that individuals between the ages of eighteen and twenty-one cannot legally purchase alcoholic beverages in Kentucky, under KRS 2.015[,] they are deemed to be adults for all other purposes unless they are handicapped."). However, the interpretation of the Kentucky Supreme Court, the highest court in Kentucky, carries self-evident primacy.

children. This reading is parallel to the reading of the first exception, which, with the use of "for," focuses on the age of the individual seeking to purchase alcoholic beverages (i.e., "for the purchase of"). Likewise, the second exception, in stating that the limitation is "for purposes of" care and treatment of children with disabilities, in parallel, focuses on the age of the individual seeking to care for and treat disabled children. Plaintiff's proposed meaning would unnecessarily transform the subject of the clause (who is *providing* the care and treatment) into the object of the clause (who is *receiving* the care and treatment). Viewed in context with the first exception, Plaintiff's interpretation would render inconsistent the structure of the two exceptions.

Moreover, contrary to Plaintiff's position, the exception does not literally state that the standard age of majority is eighteen "except for children with disabilities;" it says "except . . . *for purposes of care and treatment of* children with disabilities." Plaintiff's interpretation makes superfluous the central phrase "for purposes of care and treatment of." This is not consistent with Kentucky law. The Court must construe § 2.015 such that "no part of the statute will become meaningless or ineffectual," *Century Aluminum*, 664 S.W.3d at 558 (citation and quotations marks omitted), and with the presumption that the legislature "intended . . . for all of [the statute's] parts to have meaning," *Wright*, 415 S.W.3d at 609. The Court must therefore interpret the exception in a way that gives meaning to, and in light of, the qualifier "for purposes of care and treatment of." In doing so, the Court concludes that, with most logic and textual fidelity, the exception to the standard age of majority does not apply to children with disabilities but to those that seek authority to care for and treat them. If the legislature intended the exception to merely apply to disabled children, it would have said as much. Inclusion of the qualifier and the structure of its wording

7

must impact the meaning of the exception.[3]

Because Plaintiff does not, through this action, seek to care for or treat a disabled child, the second exception to the standard age of majority does not apply. Thus, for purposes of this lawsuit, she became a legal adult at age eighteen.

Notably, even if the Court accepted that the exception relates to the age of majority for a disabled individual rather than the age of majority for a disabled child's caregiver or treatment decisionmaker, Plaintiff's interpretation still goes too far. The exception is not so expansive. As framed in this way, the exception does not raise the age of majority to twenty-one for disabled children in *any* circumstance but *only* for "purposes of [their] care and treatment," i.e., for medical decisions, etc. The relevant inquiry here is when Plaintiff reached the age of majority such that she had the legal capacity to file a lawsuit, not the age of majority in the context of access to or choices regarding her care or treatment. Simply, neither exception to the standard age of majority applies, no matter the reigning interpretation of the second exception. For purposes of this lawsuit,

---

[3] Notably, KRS § 413.170(2) specifically delays accrual of one type of cause of action (an action on an official bond) involving a minor until that minor or any impacted "infant" reaches the age of twenty-one. The fact that the General Assembly saw the need for this specific carve out cuts strongly against Plaintiff's categorical reading of § 413.170(1) and § 2.015. Indeed, (2) would not be needed if (1), plus the age of majority statute, delayed accrual for all infant causes of action until age twenty-one. The bond action, referenced in particular in KRS § 413.090(3) would textually be within § 413.170(1), yet subsection (2) exists. This supports the reading of § 2.015 as pertaining not to claims by infants but rather to the age that decides the power to, *e.g.*, purchase alcohol and to make decisions about the "care and treatment of children with disabilities." The Court notes that Kentucky's Special Education Program rubric defines "exceptional children and youth" with reference to a cap of "under twenty-one (21) years of age[.]" *See* KRS § 157.200(1). This would dovetail importantly with a modification to the age of majority with respect to the care and treatment of children with disabilities, in § 2.015.

therefore, Plaintiff reached the age of majority on her eighteenth birthday.[4]

Though her federal claims technically accrued in May 2020, Plaintiff, undisputedly, did not turn eighteen until October 2021. *See* DE 22-1 (plaintiff admitting that she turned nineteen in October 2022). Therefore, § 413.170(1) tolled the statute of limitations until that time. Upon the triggering of the statute of limitations, Plaintiff had until October 2022 to file her federal claims. She did not file the lawsuit until July 6, 2023, nine months after the expiration of the limitations period. Therefore, Plaintiff's federal claims are untimely. The Court accordingly grants summary judgment for Defendant as to Plaintiff's federal claims and dismisses those.

B.   **Supplemental Jurisdiction**

A court "may decline to exercise supplemental jurisdiction over a claim" if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). To determine whether to retain supplemental jurisdiction over a state law claim in that instance, the court "should consider and weigh several factors, including the values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (citation and quotation marks omitted). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* at 952 (citation and quotation marks omitted). However, in some circumstances, the court should "retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed," such as where a party has manipulated the forum; the

---

[4] Further highlighting the specious nature of Plaintiff's position, she brought the lawsuit in her own name at the age of nineteen, before she would have reached the age of majority according to her own argument and thus in plain conflict with Rule 17(c). *See* Fed. R. Civ. P. 17(c)(2) ("A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor . . . who is unrepresented in an action."). Plaintiff clearly assumed the power to sue at Complaint initiation, strongly undercutting her later take on § 2.015.

litigation is in its late stages (i.e., discovery is completed or dispositive motions briefed); the court is already intimately familiar with the merits of the case; or the parties and the court have already invested significant time in the litigation. *See id.*

Since the Court has dismissed Plaintiff's federal claims (the only claims over which it had original jurisdiction), it must decide whether to exercise supplemental jurisdiction over Plaintiff's sole remaining state law claim under the KCRA.[5] As is standard in this scenario, the Court, in its discretion, declines to exercise supplemental jurisdiction over the KCRA claim. The relevant factors demonstrate that Kentucky state court is the appropriate arbiter for the KCRA claim. Retention of the claim would have minimal impact on judicial economy since the case is still, relatively speaking, in its early stages. *See* DE 18 (Scheduling Order); DE 27 (Order on Mid-Discovery Status Conference); DE 29 (Amended Scheduling Order). For ease of convenience, both parties are residents of Clark County, where the case would most likely be brought. *See* DE 1 ¶¶ 1, 5. And in comity and fairness, the claim is best handled in Kentucky state court, leaving the forum most familiar with Kentucky law to resolve a matter arising solely from Kentucky law. No other circumstances that may warrant the Court retaining supplemental jurisdiction are present here. There is no indication of forum manipulation by either party. While the instant motion is one for summary judgment, discovery had barely begun when Defendant filed the motion, and the motion concerns a threshold issue. *See* DE 18; DE 29. The Court has never considered the merits of any of the underlying claims. During the pendency of this motion, the parties have largely refrained from conducting any further discovery, and discovery in its entirety is not set for completion until May 2026, with dispositive motions due thereafter. *See* DE 27; DE 29; DE 30 (Motion for Extension); DE 32 (Second Amended Scheduling Order). Given timing and case

---

[5] The parties agree that the KCRA claim is subject to a five-year limitations period and is therefore timely. *See* DE 22 at 3; DE 25 at 2.

posture, the Court will not retain the KCRA claim and dismisses the claim without prejudice. Plaintiff may refile that claim, if done properly and timely, in state court.

### IV. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Court **GRANTS** DE 22 and **DISMISSES** Plaintiff's federal claims **with prejudice**;

2. The Court **DECLINES** to retain supplemental jurisdiction over Plaintiff's state KCRA claim and therefore, **DISMISSES** her state claim **without prejudice**;

3. Having no other remaining claims pending before it, the Court **STRIKES** this matter from its active docket; and

4. The Court will enter a judgment contemporaneously with this opinion.

This the 5th day of August, 2025.

Signed By:
_Robert E. Wier_  /s/ REW
United States District Judge